UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KULVIR SINGH #A203-692-906                                CIVIL ACTION

VERSUS                                                   NO. 20-846

SECRETARY OF THE DEPARTMENT                              SECTION: "D"(1)
OF HOMELAND SECURITY, ET AL.

### FINDINGS AND RECOMMENDATIONS

Petitioner, Kulvir Singh, a federal immigration detainee, filed the instant petition seeking relief pursuant to 28 U.S.C. § 2241. At the time he filed the petition, he was detained at the Winn Correctional Center in Winnfield, Louisiana, in the Western District of Louisiana. He has since been transferred to the Prairieland Detention Center in Alvarado, Texas.

In his petition, petitioner alleges that he is a citizen of India who entered the United States illegally by jumping a wall along this country's border with Mexico in May of 2019. He further alleges that, after his application for asylum was denied, he was ordered removed from the United States by an immigration judge in Eloy, Arizona, on July 22, 2019. He asks that this Court order his release from detention while the denial of his asylum application is being reconsidered by federal authorities.

The Government opposes the petition, arguing that it was filed in the wrong court.[1]

On April 20, 2020, the United States District Judge referred this matter to the undersigned United States Magistrate Judge for submission of proposed Findings and Recommendations for disposition.[2]

---

[1] Rec. Doc. 6.
[2] Rec. Doc. 9.

For the following reasons, the undersigned finds that this petition was in fact filed in the wrong court and therefore recommends that it be dismissed without prejudice.

While federal district courts have been divested of jurisdiction to consider § 2241 petitions attacking the validity of immigration removal orders, they retain jurisdiction to consider such petitions which merely challenge the validity of an alien's continued detention. See Gul v. Rozos, 163 F. App'x 317, 318-19 (5th Cir. 2006). That said, such challenges must nevertheless still be filed in the correct court. As United States District Judge Greg Gerard Guidry recently explained, although the jurisprudence concerning jurisdiction in § 2241 immigration cases is a bit unsettled, the law appears to require that such challenges be brought in the jurisdiction *where the petitioner is confined*. Therefore, this Court has jurisdiction to consider such challenges filed by aliens confined within the Eastern District of Louisiana, but not those filed by aliens confined in other judicial districts. Dada v. Witte, Civ. Action No. 20-1093, 2020 WL 1674129, at *3 (E.D. La. Apr. 6, 2020).

Petitioner was not confined within this judicial district when this petition was filed, and he is not confined within this district at present. Therefore, it is appropriate to dismiss his petition without prejudice, so that he may file an appropriate challenge in a proper court. Further, his related motion seeking parole or bond, Rec. Doc. 11, should likewise be denied without prejudice, subject to its refiling in a proper court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that Kulvir Singh's petition seeking relief pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

It is **FURTHER RECOMMENDED** that his motion seeking parole or bond, Rec. Doc. 11, be **DENIED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of May, 2020.

                                                 *Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**